CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 14 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY ANTHA SMITH, | ) | |
| Plaintiff, | ) ) | Civil Action No. 7:08CV00414 |
| v. | ) ) | **MEMORANDUM OPINION** |
| CHARLES A. MCCLURE, | ) ) ) | By: Hon. Glen E. Conrad United States District Judge |
| Defendant. | ) | |

The plaintiff, Anthony Antha Smith ("Smith") filed this action for patent infringement along with a motion for leave to proceed in forma pauperis. The motion to proceed in forma pauperis was granted. After conducting a thorough initial screening of this action, the court concludes that it must be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## FACTUAL BACKGROUND

Smith, who is currently incarcerated in a Kentucky State Reformatory in LaGrange, Kentucky, claims that he is the inventor and patent holder for the Portable Liquid Sanitation Cart, a multipurpose device for the safe collection of biohazardous wastes in hospitals or other medical facilities. Smith employed the defendant, Charles A. McClure ("McClure"), a patent attorney located in Lexington, Virginia, to assist with filing a patent application for his invention. McClure filed the application in July 1995, and U.S. patent No. 5918323 was issued in July, 1999. Smith asserts that he then began offering the Portable Liquid Sanitation Cart for sale through his business, Sani-Dove System Medical Products, located in Tampa, Florida.

The plaintiff claims that, at some point thereafter, he became incapacitated as the result of

a stroke. During this period of incapacitation, the plaintiff alleges that McClure himself began offering the Portable Liquid Sanitation Cart, now called the Hospital Liquid Sanitation Cart, for sale through McClure's business PatentStorm. Smith states that the cart is offered on PatentStorm's website at http://www.patentstorm.us/inventors/Anthony_Smith-1018463.html.

Smith asserts that he sent a letter to McClure in September 2007 inquiring into the listing of his invention on the PatentStorm website. McClure responded on September 27, 2007 stating that the patent's expiration had coincided with the death of Smith's father and that McClure could provide no further funds to him. After Smith made further inquiry regarding possible patent infringement, McClure again responded by letter dated March 7, 2008 stating as follows:

> I am not a co-partner in any manner associated with this patent. I was the patent attorney that filed this patent on your behalf, renewal due every four years. I am not selling or leasing it, have not sold or leased it and do not intend to sell or lease anything regarding this patent. I have no ownership in this patent.
>
> Please cease and desist in this wrongful and malicious accusation, and act accordingly.

Shortly thereafter, Smith filed a complaint against McClure with the Virginia State Bar, although he has received no response to date.

In Smith's sole cause of action as stated in the complaint, he claims that

> Plaintiff is being denied all profits and/or entitlements that the defendant has unlawfully obtained by collusion, fraud and/or unlawful conversion of/by holding out through "Patent Storm" the invention "Hospital Liquid Sanitation Cart" that plaintiff holds U.S. Patent No. 5918323 on as "The Portable Liquid Sanitation Cart" - such acts of defendant amount to patent infringement.

The plaintiff seeks compensatory damages, including profits derived by the defendant as a result of the sale of the cart through PatentStorm, an injunction to stop the defendant from continuing to offer the cart for sale, and the costs associated with the action.

As previously stated, the court granted Smith's motion to proceed in forma pauperis. Smith has now consented to the withholding of the filing fee from his prison account pursuant to 28 U.S.C. § 1915(b).

## STANDARD OF REVIEW

With regard to all proceedings in forma pauperis, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, South Carolina, 434 F.3d 725, 728 (4th Cir. 2006). Title 28 United States Code Section 1915 governs such proceedings as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal -
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Therefore, the court has a mandatory duty to screen initial filings to determine whether they fall within any of the causes for dismissal set forth in § 1915(e)(2)(B). Eriline Co. v. Johnson, 440 F.3d 648, 656-7 (4th Cir. 2006). Although § 1915(e)(2) "does not authorize the district court to engage in factfinding to resolve disputed facts, it does permit the court to apply common sense, reject the fantastic, and rebut alleged matters with judicially noticeable facts." Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 954 (4th Cir. 1995).

The standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii). Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002). Therefore, the court

3

"should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993) (Rule 12(b)(6)). A complaint need not assert detailed factual allegations, but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Furthermore, even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965.

## DISCUSSION

In this case, Smith's allegations of patent infringement hinge solely upon the claim that McClure has offered Smith's invention for sale on the PatentStorm website. This is the only form of infringement noted in the complaint, and Smith's claims for damages stem from profits McClure has allegedly received as a result of such sales. Smith has specifically referenced the PatentStorm website in his complaint, including the website address, and has included as as an exhibit to his complaint several pages of the website on which his invention is listed by patent number, patent title, and inventor name (that of Anthony Smith). Charles McClure is listed on the website as the patent attorney for Smith's invention.

The court has visited the PatentStorm website specified and explicitly relied upon in Smith's complaint. See Phillips v. LCI Intern., Inc., 190 F.3d 609, 618 (4th Cir. 1999) (holding that, so long as the authenticity of a document is not in question, a court may review the entire text of a document not attached to the complaint, but integral to and explicitly relied upon in that complaint, in dismissing a complaint under Rule 12). The home page of this website includes the following statements:

4

> PatentStorm offers full-text U.S. patents from the U.S. Patent Office, including advanced patent search capabilities and full image retrieval in handy PDF format. Whether you are an inventor, a patent attorney, a patent agent or just curious about how things work, this site is for you.
>
> Our full-text patent database goes back to 1976, when the U.S. Patent office began converting its patents to full text. Everything we offer is free.
>
> PatentStorm is a sister company of Storming Media, a Washington, D.C.-based company that makes Pentagon information more accessible, and LegiStorm, which provides transparency to the operations of the U.S. Congress. If you have any ideas about this site or any other comments, please do not hesitate to write us.

http://patentstorm.us/ (last visited July 23, 2008). The website then goes on to group patents into different categories for search purposes, such as agriculture, communications, construction, containers, energy, health and medicine, machines, optics, sanitation, weaponry, etc. A viewer may also search by inventor, examiner, or date. There is no indication that PatentStorm is owned, in whole or in part, by the defendant.

Nor is there any indication that any products are sold on the website. In fact, the "Contact Us" section of the website deals with this issue directly as follows:

> **How can I purchase a patented item I saw on your website?**
>
> PatentStorm does not sell equipment or supplies and cannot supply any of the patented goods mentioned on our website, nor can we offer suggestions on how you might obtain any equipment or other supplies.
>
> **How can I contact someone I saw mentioned on your website?**
>
> PatentStorm does not deal directly with inventors, patent attorneys, patent examiners, or anyone else you have seen mentioned on our website. We do not have any contact information for them; nor can we offer any advice on how you might contact them.

http://patentstorm.us/contactus.html (last visited July 23, 2008).

In order to succeed on his claim for patent infringement against the defendant, the

5

plaintiff would have to demonstrate that McClure, without authority, used, offered to sell, or sold Smith's patented invention within the United States. 35 U.S.C. § 271(a). Even if the plaintiff's allegation that McClure operates PatentStorm is true, however, there is no indication that the defendant used, offered to sell, or sold Smith's patented invention through PatentStorm or its website as alleged in the complaint. A cursory examination of the PatentStorm website demonstrates that it simply contains searchable listings of publicly available patent information obtained from the U.S. Patent Office. In fact, none of the products listed on the website are available for sale, nor is contact information available from PatentStorm should a viewer desire to purchase a particular item, including the plaintiff's Portable Liquid Sanitation Cart. As a result, the complaint fails to state a claim upon which relief may be granted, and this action must be dismissed.[1]

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This 13th day of August, 2008.

_____
United States District Judge

---

[1] Inasmuch as the court is now dismissing this case prior to service of the complaint upon the defendant, the court declines to order the collection of the filing fee in this matter.